COGBURN LAW OFFICES
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburnlaw.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
efox@cogburnlaw.com
2580 St. Rose Parkway, Suite 330
Henderson, NV 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PHIL RAMOS, an individual,<br><br>                    Plaintiff,<br><br>     vs.<br><br>THUNDERBIRD COLLECTION SPECIALISTS, INC., an Arizona Corporation,<br><br>                    Defendants. | **COMPLAINT** |

Plaintiff, Phil Ramos (hereinafter "Plaintiff"), by and through his counsel of record, Cogburn Law Offices, hereby complains against Defendants as follows:

**I.    PRELIMINARY STATEMENT.**

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    This is also and action for damages brought by an individual under the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227 et seq., and 28 U.S.C. §§1331, 1337.

## II. JURISDICTION.

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227 et seq., and 28 U.S.C. §§1331, 1337. Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES.

4. Plaintiff is a natural person residing in Clark County, Nevada.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant Thunderbird Collection Specialists, (hereinafter "Thunderbird") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Upon information and belief, Thunderbird is a corporation organized under laws of Arizona and doing business in Nevada.

8. Upon information and belief, Thunderbird is not licensed as a debt collector with the Nevada Dept. of Business & Industry, Financial Institutions Division.

9. Thunderbird is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV. GENERAL ALLEGATIONS

10. Plaintiff, Phil Ramos, received an unsolicited call on his cellular phone in August 2017 from a representative from Thunderbird.

11. The representative of Thunderbird did not, either verbally or in writing, provide notice that the effort was an attempt to collect a debt, offer the opportunity to Ramos for validation of the debt, or any of the other requirements required by 15 U.S.C. § 1692g.

12. Ramos informed the Thunderbird representative that they had the wrong individual.

13. On November 28, 2017, a different representative from Thunderbird contacted Ramos, this time indicating he was a "Manager."

14. The Manager became irate and abusive to Ramos when Ramos again indicated to Thunderbird they had the wrong person. The Manager persisted and demanded that Ramos provide his birth date. The Manager indicated the collection target was born in 1972, whereas Ramos indicated he was 18-years old in 1972.

15. The Manager of Thunderbird did not, either verbally or in writing, provide notice that the effort was an attempt to collect a debt, offer the opportunity to Ramos for validation of the debt, or any of the other requirements required by 15 U.S.C. § 1692g.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF AGAINST THUNDERBIRD
### (FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692)

16. The Plaintiff realleges and incorporates all preceding paragraphs above as if fully set out herein.

17. Defendant was negligent and/or willful is failing to provide written notice of the debt and the opportunity to validate the debt as required by 15 U.S.C. § 1692g.

18. Defendant was negligent and/or willful, rendering them liable for attempting to collect an improper balance due, fees, interests and/or expenses not authorized or permitted by law, and in violation of 1692f(1).

19. The Defendant's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the prior to initiating a lawsuit, in violation of 1692g(b).

20. As a result of the foregoing violations, the Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(1).

21. As a result of the foregoing violations, the Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(2)(a).

22. As a result of the foregoing violations, the Defendant is liable for costs and reasonable attorney fees pursuant to 1692k(a)(3).

23. Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorneys' fees and costs thereunder.

24. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties under the FDCPA. A judicial declaration that the Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

**SECOND CLAIM FOR RELIEF AGAINST THUNDERBIRD**

(Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200 et seq.)

25. The Plaintiff realleges and incorporates all preceding paragraphs above as if fully set out herein.

26. The TCPA makes it unlawful to initiate any telephone call to any residential or cell phone telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

27. Upon information and belief, violated the TCPA, 47 U.S.C. § 227 et seq., and 47 C.F.R. § 64.1200a(3).

28. As a result, Plaintiff may recover statutory damages of $500 for each and every call in violation of the statute, and $1,500 for any willful and knowing violation of the statute.

29. The violations of the TCPA were either willful or negligent.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. Declaratory judgment that Defendants' conduct violated the FDCPA and TCPA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney's fees; and
6. For such other and further relief as may be just and proper.

## VII.   JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 7th day of August, 2018.

COGBURN LAW OFFICES

By: */s/Erik W. Fox*
    Jamie S. Cogburn, Esq.
    Nevada Bar No. 8409
    Erik W. Fox, Esq.
    Nevada Bar No. 8804
    2580 St. Rose Parkway, Suite 330
    Henderson, NV 89074
    *Attorneys for Plaintiff*